UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWYNE WEEKS, | ) |
|           Plaintiff, | ) |
| v. | )   Case No. 19-cv-1332-JES-JEH |
| J.C. DILLON, INC., | ) |
|           Defendant. | ) |

## ORDER AND OPINION

This matter is now before the Court on Defendant J.C. Dillon, Inc.'s Motion to Dismiss. D. 9.[1] For the reasons set forth below, Defendant's Motion is GRANTED.

### BACKGROUND

For the purposes of resolving this Motion, the Court takes the following factual allegations from Plaintiff's Complaint as true. Defendant J.C. Dillon, Inc. ("J.C. Dillon") employed Plaintiff Antwyne Weeks ("Weeks") as a heavy equipment operator. D. 1, at 2. Weeks, who is African American, worked under the direction of a superintendent, who is white and not named in the Complaint. *Id.* The superintendent would assign Weeks to jobs, determine when Weeks would be laid-off, and determine when Weeks would be called back from a layoff. *Id.* Weeks alleges in his Complaint that his superintendent discriminated against him by being overly critical of Weeks' work, making Weeks one of the last heavy equipment operators to be called back from layoffs, and delaying his overtime compensation. *Id.* Weeks reported to the owner of J.C. Dillon that he believed his superintendent was discriminating against him. *Id.* at 3.

---

[1] Citations to the Docket in this case are abbreviated as "D. __."

1

After reporting the discrimination, Weeks alleges the superintendent retaliated by calling white heavy machine operators, who had less experience than Weeks, back after layoffs before him. *Id.* at 4. Weeks has not been called back to a job with J.C. Dillon since late 2018. *Id.* Weeks alleges that in June 2019, the superintendent called Weeks and informed him that J.C. Dillon would not call him back to work because of his report of discrimination to the owner. *Id.* at 5. The owner informed a union agent that Weeks was not being called back because Weeks does not have a Commercial Driver's License ("CDL"). Weeks alleges J.C. Dillon employs numerous white operators who do not have CDLs. Weeks subsequently filed three counts against J.C. Dillon for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *Id.* at 5-9.

**LEGAL STANDARD**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must describe the claim in sufficient detail to put defendants on notice as to the nature of the claim and its bases, and it must plausibly suggest the plaintiff has a right to relief. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007). A complaint need not allege specific facts, but it may not rest entirely on conclusory statements or empty recitations of the elements of the cause of action. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding whether the complaint sufficiently states a claim, courts take well-pleaded allegations in the complaint as true and draw all permissible inferences in favor of the plaintiff. *See Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

Prior to filing suit under Title VII, an aggrieved party must file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") detailing the alleged discriminatory conduct. *Doe v. Oberweis Dairy*, 456 F.3d 704, 708 (7th Cir. 2006). Such a charge must be filed within a specified period after the alleged discrimination occurred; otherwise, the party may be barred from filing a civil action in court. *Id.* If the EEOC decides not to file a civil action against the employer, it may issue a "right to sue" letter to the aggrieved party. *Id.* The aggrieved party has 90 days after receiving the letter to file a civil action against the employer. *DeTata v. Rollprint Packaging Prods.*, 632 F.3d 962, 968 (7th Cir. 2011).

## DISCUSSION

Defendant now moves to dismiss the Complaint pursuant to Rule 12(b)(6) based on two deficiencies in the pleading. D. 9. First, Plaintiff does not allege that he filed a charge of discrimination with the EEOC within the time specified by statute. *Id.* at 1. Second, Plaintiff did not file the instant action within 90 days of receiving a right to sue letter from the EEOC. *Id.* at 2.

Before bringing a civil action under Title VII, a claimant must file a charge with the EEOC within a specified period after the alleged discrimination. The claimant can satisfy this pleading requirement by "alleg[ing] generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c). Here, Plaintiff does not allege a charge of discrimination was timely filed with the EEOC. The only reference to a charge being filed is the fact he received a right to sue letter, which does not satisfy the pleading requirement under Title VII.

Once a claimant receives a right to sue letter from the EEOC, he has 90 days to file a civil action. The Complaint alleges, "Weeks received a right sue [sic] letter on July 17, 2019." D. 1, at 1. Plaintiff filed the instant action on October 16, 2019, which was 91 days after he allegedly received the letter. In his response to the Motion, Plaintiff notes the letter was dated and mailed

3

on July 17, 2019, and he attached a copy of the letter as an exhibit. D. 12. Plaintiff claims the right to sue letter was not received until two or three days after it was mailed and therefore, he filed this action within the 90-day deadline. *Id.* Plaintiff requests leave to file an amended complaint alleging the proper dates when the letter was issued and received. *Id.*

## CONCLUSION

For the reasons set forth above, Defendant's Motion [9] to Dismiss is GRANTED without prejudice. Plaintiff is given leave to file an amended complaint by February 19, 2020, to address the pleading deficiency and allege the proper dates for the right to sue letter.

Signed on this 5th day of February, 2020.

s/James E. Shadid  
James E. Shadid  
United States District Judge